Our third case for this morning is United States against Gregory Greene. That's number 19-3069 and we will hear first from Mr. Henderson. Good morning and may it please the court. I'm Peter Henderson. I represent Gregory Greene. I suppose I should start with the standard of review question in the case. This is a typical challenge to a judge's explanation of sentence. We've argued that the judge procedurally erred in failing to take section 3553A's parsimony principle into effect. Those challenges are reviewed de novo and the reason for that is because of rule 51. Rule 51 typically requires a party to state their position, state their objection, and then once a judge has ruled, party need not take exception to the ruling. But there are some claims, some errors that you're not going to be able to anticipate such as is the sentencing explanation going to be adequate because the sentencing explanation is when the judge is imposing sentence. And so this court has long held that reviews of those sorts of explanations are subject to de novo review. And this case is no different. The court did ask a couple of sort of wrap-up questions at the end. You know, have I missed anything? Have I misstated anything? But those are not the types of inquiries that gave Mr. Greene notice or directed counsel to we actually disagree with the way that you arrived at your sentence. They're wrap-up questions trying to make sure that the case doesn't have any outstanding matters. So Mr. Henderson, on the assumption, at least for right now, that there is no waiver or forfeiture problem, we come down to this brief comment that the district court made that you focused on where he says, I'm going to make it life, meaning the life will be short. And then he has this one sentence, if I did it at 10 years or 15, it's effectively the same. But then he goes on to say, but I'm going to, because of the past consequences of experiences that you've had, I think you need help. So I'm going to do it for life. Now, you read that as his indicating equivalence between a 10 or 15-year term of supervised release and a life term. But if you look at this record as a whole, it sounds a lot like he says, I just think you need a life term of supervised release. That's what he wraps up with. So it may not be the most elegantly phrased explanation, but I'm having trouble working from the premise that you're suggesting. Well, and I think that the question is, how is the judge arriving at this sentence? And the judge starts off by saying, look, you're in your late 60s, if not early 70s, I'm going to make it life because your life will be short. And so, you know, the government pointed out in their brief that if the judge had said, well, if you were 30 or 35, maybe I'd consider 10 or 15 years. But because your life will be short, I'm going to make it life. But then he goes on to say, because of the experiences, you need help even though you're older. I really think it has to be the rest of your life. So why doesn't that cure, or at least taken as a whole, why doesn't that seem like an appropriate explanation, particularly given the statute and the guidelines all contemplate lifetime terms of supervised release? Well, I mean, I think that the question is, did the court comply with Section 3553A in reaching the result that it did? And what the exchange suggests to me is that the court said, look, I would consider a lesser term, but you're old. And so I'm just going to give you life. And by the way, you know, I think that you're going to need a lengthy term anyway. You know, one of the things that we pointed out that often gets overlooked in determining the term of supervised releases, courts ought to consider the entire statutory framework and the fact that terms can be modified, terms can be extended, terms can be terminated early. It's not just a I'm just going to give you life because I feel like, you know, you're going to be a danger or you're going to need something for the rest of your life. That's what the issue actually was in our famous Thompson case, where the judge there said, well, I can't extend it, but I can shorten it. So I'm going to give you life. And then maybe, you know, if you behave, I'll shorten it later. A lot. He still sends it only for 15 years. Right. I'm sorry. That wasn't the 15 years that he got sentenced. He's still got 15 years in prison. Right. And that was the shortest term possible. That's right. That was the minimum. It could have been longer. Well, it could have been. But realistically, what we know from this from federal statistics is that this was going to be 180 months. You know, realistically, if I'd been advising a client who's looking at a range of 151 to 188 months, who's pleaded guilty, who has won prior conviction, I'd say, look, you're almost certainly going to get 180 months. But you're yes, legally, he could have gotten more. I think that realistically, though, we're willing to take the chance, I suppose, that, you know, if you were to say, let's send it back just to make sure we get the term of supervised release correct. I'm fairly confident the judge would not adjust the sentence higher, the prison term. But that said, you know, I think that the main point is on supervised release, what we want to be cognizant of is that terms can be extended, terms can be modified, terms can be terminated early. That should all play a part of the district court's calculus rather than jumping right to the maximum. Because jumping right to the maximum does conflict with the parsimony principle that says we should. But counsel, as Judge Wood said, he didn't jump right to the maximum. He discussed the reasons for imposing the maximum. And he did not appear to rely on his admittably ill-advised observation that he probably wouldn't have more than 10 to 15 years left after release from prison. He gave reasons why he thought the defendant ought to be on supervised release for life that were independent of the brevity of his supposed life expectancy. There's one sentence. After he explains, I'm going to put you on life because you aren't going to live very long, he then says, and by the way, I think you need it. And so if that's enough, then that's enough. But I'm just concerned about going to life. I mean, I'm going to make it life because your life will be short. To me, that doesn't suggest parsimony. That suggests, what's the difference? I'm just going to give you life. So I'll remain the remaining, reserve the remaining two minutes. All right, that's fine. Thank you very much. Ms. Greenwald. Yes, thank you, Your Honors. Can you hear me all right? Yes, just fine. I think my colleagues, yes. Okay, good. I'm just hearing myself funny. At the time of sentencing, basically, in terms of the standard of review, the government totally understands. I'm so sorry, I'm having trouble. In terms of the standard of review, the government totally understands the defendant's position. But in the context of this case, it was a case where the guidelines recommended a term of supervised release. And the judge specifically asked, have I misstated anything? And the answer was no. But nevertheless, totally, whatever the standard of review is in this case, when placed in the context of the court's comments, it's evidence that the conclusion of the court was that the lifetime of supervised release was necessary in light of the defendant's history of procuring and possessing child pornography and its escalation to, in this case, transmitting it as well as receiving it and possessing it in greater quantities than ever before. The court was fully aware of its discretion. It considered fully its options. And it determined that he needed help, using the court's language, by way of supervision, even when he was older. The court fully considered what was involved in imposing a lifetime of supervised release and found that it was necessary in this case. Finally, to require the court in every case, which it seems to me is what the defense counsel is suggesting, that without any argument, without raising the issue, it's error for a court not to consider a lifetime of supervised release. When a court, as in this case, gives its rationale, it's not incumbent upon it to articulate every possible configuration of the supervised release term when it's not brought up by counsel. So given the record here, the context here, this court fully considered it. And we're really stretching and reaching to kind of contort things to say that it found 15 or 10 years to be equivalent. Would you agree, at least, Ms. Greenwald, that if what the judge had said, changing the facts a little bit, if the judge had said, I could give you 10 to 15 years of supervised release, but, you know, your life expectancy in your early 70s isn't any better than 85 anyway, so I'm just going to give you a life term. They're one and the same. Wouldn't that be error? I'm reluctant to say it would be absolute error, because it really just depends on the context of the proceeding, but that's not what happened here. What's happened here... Well, I know that, but I just, you know, we've had in other contexts in terms of imprisonment, you know, exactly how do life expectancies factor into this? And, you know, there are tables. You can figure out how long somebody who's reached the age of 70, male or female, you know, with other demographic characteristics thrown in, you can get at least a number. And, of course, some people live longer than that, and some people don't live that long. And so the job is still there for the judge to decide what term should I give and to... I mean, I suppose for a 70-year-old, if you said 50 years, I'm not aware of anybody who hits the age of 120. But the judge is supposed to justify the length and choose the shortest one that will achieve the goals of sentencing. And I think that's what Mr. Henderson is saying. I don't see that in his thinking. I think what's happening here, personally, in looking at the court's comments, is this court, in other cases, has certainly expressed that to just give life without, you know, to give life to like a 20-year-old man without substantial rationale behind that is really unacceptable. And I think what the court is saying here, in my view, is saying my rationale doesn't have to be that overwhelmingly extensive, because what I'm justifying here isn't a, you know, a 50-year life supervised release term. What I'm justifying here is a reasonable period of supervised release for a defendant who is, as he's matured, has escalated his conduct when he's not under some kind of supervision. So I think his reference to 10 to 15 years in context was really an explanation for the justification required. And that, based on this court's other decisions, I mean, I think this court was aware that if I was sitting here and imposing a 50-year supervised release sentence, I've really gotta have substantial rationale for that. Not that he doesn't need a substantial rationale here either, but if you understand what I'm saying, I think that there's degrees. And what this court is saying is, I'm not justifying an outrageous supervised release length of sentence here. I'm justifying a very reasonable one based on all of the facts in the context of this case. That's what I think was going on as a reflection to this court's prior decisions in terms of what lifetime supervised release really means. And in this context, in this case where he had a defendant, as he progressed, as he got older, his conduct escalated. And his need for treatment and need for supervision escalated. And so I think what the court was saying is that even as an old man, you are going to need supervision, which is essentially how the court summed it up. And I think to take this case and put it in terms of the meaning of other cases where these facts aren't present doesn't hold. So unless the court has any other questions, the government would rest upon its brief and the facts of this case and ask that the court affirm the sentence imposed and the judgment of the court. All right. I see no other questions, so thank you very much. Mr. Henderson. Thank you, Your Honor. I guess the last thought I'll leave you with is what we've asked for is really a modest request. To the extent that there is ambiguity in this record, it's worth remanding to the district judge just to make sure that the court follows Section 3553A. And the result may be the same, but it'll be a short hearing. It's a small price to pay to make sure that somebody is not unsupervised release for the rest of their life for the wrong reason. So with that, we'd ask the court to vacate the sentence and remand. Thank you. All right. Thank you very much. Thanks to both counsel. The court will take the case under advisement.